E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA SLOAN KELLY (Cal. Bar No. 305811)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010
     Facsimile: (213) 894-0141
     E-mail:   alexandra.kelly@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-400-WLH |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CESAR GOMEZ |
| v. | |
| CESAR GOMEZ, | |
| Defendant. | |

1.    This constitutes the plea agreement between CESAR GOMEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in United States v. CESAR GOMEZ, CR No. 23-400-WLH, which

1  charges defendant with Aiming a Laser Pointer at an Aircraft in

2  violation of 18 U.S.C. § 39A.

3          b.   Not contest facts agreed to in this agreement.

4          c.   Abide by all agreements regarding sentencing contained

5  in this agreement.

6          d.   Appear for all court appearances, surrender as ordered

7  for service of sentence, obey all conditions of any bond, and obey

8  any other ongoing court order in this matter.

9          e.   Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12  within the scope of this agreement.

13         f.   Be truthful at all times with the United States

14  Probation and Pretrial Services Office and the Court.

15         g.   Pay the applicable special assessment at or before the

16  time of sentencing unless defendant has demonstrated a lack of

17  ability to pay such assessments.

18                    THE USAO'S OBLIGATIONS

19     3.   The USAO agrees to:

20         a.   Not contest facts agreed to in this agreement.

21         b.   Abide by all agreements regarding sentencing contained

22  in this agreement.

23         c.   At the time of sentencing, provided that defendant

24  demonstrates an acceptance of responsibility for the offense up to

25  and including the time of sentencing, recommend a two-level reduction

26  in the applicable Sentencing Guidelines offense level, pursuant to

27  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

28  additional one-level reduction if available under that section.

                              2

1      d.   Recommend that defendant be sentenced to a term of

2  imprisonment no higher than the low end of the applicable Sentencing

3  Guidelines range, provided that the offense level used by the Court

4  to determine that range is 7 or higher and provided that the Court

5  does not depart downward in offense level or criminal history

6  category.  For purposes of this agreement, the low end of the

7  Sentencing Guidelines range is that defined by the Sentencing Table

8  in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

9  term of imprisonment that may be permissible through the substitution

10  of community confinement or home detention as a result of the offense

11  level falling within Zone B or Zone C of the Sentencing Table.

12              POSSIBLE PARTICIPATION IN CASA PROGRAM

13    4.   Defendant has requested consideration for participation in

14  the Court's Conviction and Sentence Alternatives ("CASA") program.

15  Defendant understands that his application will be reviewed by the

16  USAO and the CASA program team using their ordinary procedures for a

17  determination of whether defendant will be accepted for participation

18  in the CASA program, and there is no certainty that defendant will be

19  accepted for participation in the CASA program.  With this

20  understanding in mind, defendant and the USAO agree as follows:

21        a.   Defendant will submit his CASA application no later

22  than June 17, 2024.

23        b.   After entry of defendant's guilty plea, defendant and

24  the USAO will request that preparation of a presentence report be

25  delayed.

26        c.   If the CASA program team determines that defendant

27  should be accepted for participation in the CASA program, defendant

28  and the USAO will execute a supplemental plea agreement incorporating

3

1  the terms of defendant's participation in the CASA program, leaving

2  all other terms of the instant plea agreement in effect ("CASA plea

3  agreement").

4          d.   If defendant and the USAO file a CASA plea agreement,

5  they will jointly request that the Court (i) order that this case be

6  transferred to the CASA judicial officer; (ii) refer defendant to the

7  CASA program for the CASA program judicial officer to take

8  defendant's amended guilty plea pursuant to the CASA plea agreement;

9  and (iii) permit defendant to begin his participation in the CASA

10  program.

11          e.   Defendant's guilty plea pursuant to this agreement

12  shall remain in place, and the parties will jointly request that the

13  Court set a date for defendant's sentencing and order that the United

14  States Probation Office prepare defendant's presentence report, if

15  any of the following occurs: (i) defendant does not submit his CASA

16  application by June 17, 2024; (ii) defendant is not accepted for

17  participation in the CASA program; or (iii) the Court does not agree

18  to allow defendant's participation in the CASA program.

19                          NATURE OF THE OFFENSE

20     5.   Defendant understands that for defendant to be guilty of

21  the crime charged in the single-count indictment, that is, Aiming a

22  Laser Pointer at an Aircraft, in violation of 18 U.S.C. § 39A, the

23  following must be true:

24          a.   Defendant knowingly aimed the beam of a laser pointer

25  at an aircraft, or at the flight path of an aircraft; and

26          b.   The aircraft was in the special aircraft jurisdiction

27  of the United States.

28

4

PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 39A, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1    collateral consequences will not serve as grounds to withdraw

2    defendant's guilty plea.

3        9.    Defendant understands that, if defendant is not a United

4    States citizen, the felony conviction in this case may subject

5    defendant to: removal, also known as deportation, which may, under

6    some circumstances, be mandatory; denial of citizenship; and denial

7    of admission to the United States in the future.  The Court cannot,

8    and defendant's attorney also may not be able to, advise defendant

9    fully regarding the immigration consequences of the felony conviction

10   in this case.  Defendant understands that unexpected immigration

11   consequences will not serve as grounds to withdraw defendant's guilty

12   plea.

13                               FACTUAL BASIS

14       10.   Defendant admits that defendant is, in fact, guilty of the

15   offense to which defendant is agreeing to plead guilty.  Defendant

16   and the USAO agree to the statement of facts provided below and agree

17   that this statement of facts is sufficient to support a plea of

18   guilty to the charge described in this agreement and to establish the

19   Sentencing Guidelines factors set forth in paragraph 12 below but is

20   not meant to be a complete recitation of all facts relevant to the

21   underlying criminal conduct or all facts known to either party that

22   relate to that conduct.

23       In the early morning of July 8, 2023, in Los Angeles County,

24   defendant knowingly aimed the beam of a laser pointer at a Los

25   Angeles Sheriff's Department ("LASD") helicopter that was in the

26   special aircraft jurisdiction of the United States.  Specifically,

27   while the helicopter was orbiting in the air, defendant used a laser

28   pointer to strike the cockpit of the helicopter with a green laser

                                      6

beam for approximately three seconds.  At the time defendant struck

the helicopter with the laser, the helicopter was pursuing other

individuals, with no connection to defendant, who had fled after

stealing a car.

Defendant struck the helicopter with the laser while in a Toyota

Camry.  Defendant had purchased the laser pointer several days

earlier and was the only person in the Toyota Camry who pointed the

laser pointer at the helicopter.  Defendant admits that he knowingly

pointed the laser at the LASD Helicopter from the Toyota Camry, and

that at the time, the helicopter was in the special aircraft

jurisdiction of the United States because it was in flight within the

United States.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's

sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have

any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of

conviction.

12.  Defendant and the USAO agree to the following applicable

Sentencing Guidelines factors:

Base Offense Level:                9        U.S.S.G. § 2A5.2(a)(4)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel –- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

1          f.    The right to testify and to present evidence in

2  opposition to the charges, including the right to compel the

3  attendance of witnesses to testify.

4          g.    The right not to be compelled to testify, and, if

5  defendant chose not to testify or present evidence, to have that

6  choice not be used against defendant.

7          h.    Any and all rights to pursue any affirmative defenses,

8  Fourth Amendment or Fifth Amendment claims, and other pretrial

9  motions that have been filed or could be filed.

10                    WAIVER OF APPEAL OF CONVICTION

11     16.   Defendant understands that, with the exception of an appeal

12  based on a claim that defendant's guilty plea was involuntary, by

13  pleading guilty defendant is waiving and giving up any right to

14  appeal defendant's conviction on the offense to which defendant is

15  pleading guilty.  Defendant understands that this waiver includes,

16  but is not limited to, arguments that the statute to which defendant

17  is pleading guilty is unconstitutional, and any and all claims that

18  the statement of facts provided herein is insufficient to support

19  defendant's plea of guilty.

20              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21     17.   Defendant agrees that, provided the Court imposes a term of

22  imprisonment within or below the range corresponding to an offense

23  level of 7 and the criminal history category calculated by the Court,

24  defendant gives up the right to appeal all of the following: (a) the

25  procedures and calculations used to determine and impose any portion

26  of the sentence; (b) the term of imprisonment imposed by the Court;

27  (c) the fine imposed by the Court, provided it is within the

28  statutory maximum; (d) to the extent permitted by law, the

1   constitutionality or legality of defendant's sentence, provided it is

2   within the statutory maximum; (e) the term of probation or supervised

3   release imposed by the Court, provided it is within the statutory

4   maximum; and (f) any of the following conditions of probation or

5   supervised release imposed by the Court: the conditions set forth in

6   Second Amended General Order 20-04 of this Court; the drug testing

7   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

8   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

9        18.   The USAO agrees that, provided (a) all portions of the

10   sentence are at or below the statutory maximum specified above and

11   (b) the Court imposes a term of imprisonment within or above the

12   range corresponding to an offense level of 7 and the criminal history

13   category calculated by the Court, the USAO gives up its right to

14   appeal any portion of the sentence.

15                      WAIVER OF COLLATERAL ATTACK

16        19.   Defendant gives up any right to bring a post-conviction

17   collateral attack on the conviction or sentence, except a post-

18   conviction collateral attack based on a claim of ineffective

19   assistance of counsel, a claim of newly discovered evidence, or an

20   explicitly retroactive change in the applicable Sentencing

21   Guidelines, sentencing statutes, or statutes of conviction.

22   Defendant understands that this waiver includes, but is not limited

23   to, arguments that the statute to which defendant is pleading guilty

24   is unconstitutional, and any and all claims that the statement of

25   facts provided herein is insufficient to support defendant's plea of

26   guilty.

27        20.   This agreement does not affect in any way the right of the

28   USAO to appeal the sentence imposed by the Court.

1
RESULT OF WITHDRAWAL OF GUILTY PLEA

2      21.   Defendant agrees that if, after entering a guilty plea

3 pursuant to this agreement, defendant seeks to withdraw and succeeds

4 in withdrawing defendant's guilty plea on any basis other than a

5 claim and finding that entry into this plea agreement was

6 involuntary, then the USAO will be relieved of all of its obligations

7 under this agreement.

8
EFFECTIVE DATE OF AGREEMENT

9      22.   This agreement is effective upon signature and execution of

10 all required certifications by defendant, defendant's counsel, and an

11 Assistant United States Attorney.

12
BREACH OF AGREEMENT

13      23.   Defendant agrees that if defendant, at any time after the

14 signature of this agreement and execution of all required

15 certifications by defendant, defendant's counsel, and an Assistant

16 United States Attorney, knowingly violates or fails to perform any of

17 defendant's obligations under this agreement ("a breach"), the USAO

18 may declare this agreement breached.  All of defendant's obligations

19 are material, a single breach of this agreement is sufficient for the

20 USAO to declare a breach, and defendant shall not be deemed to have

21 cured a breach without the express agreement of the USAO in writing.

22 If the USAO declares this agreement breached, and the Court finds

23 such a breach to have occurred, then: (a) if defendant has previously

24 entered a guilty plea pursuant to this agreement, defendant will not

25 be able to withdraw the guilty plea, and (b) the USAO will be

26 relieved of all its obligations under this agreement.

27

28

11

1      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                         OFFICE NOT PARTIES

3      24.   Defendant understands that the Court and the United States

4   Probation and Pretrial Services Office are not parties to this

5   agreement and need not accept any of the USAO's sentencing

6   recommendations or the parties' agreements to facts or sentencing

7   factors.

8      25.   Defendant understands that both defendant and the USAO are

9   free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 12 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24      26.   Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound to

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6                        NO ADDITIONAL AGREEMENTS

7       27.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10 promise, understanding, or agreement may be entered into unless in a

11 writing signed by all parties or on the record in court.

12          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      28.  The parties agree that this agreement will be considered

14 part of the record of defendant's guilty plea hearing as if the

15 entire agreement had been read into the record of the proceeding.

16 AGREED AND ACCEPTED

17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
18 CALIFORNIA

19 E. MARTIN ESTRADA
   United States Attorney
20

21 _____          04/26/2024
                                             _____
   ALEXANDRA SLOAN KELLY                     Date
22 Assistant United States Attorney

23 _____          04/26/2024
   CESAR GOMEZ                               _____
24 Defendant                                 Date

25 _____          04/26/2024
                                             _____
   JAMES THREATT                            Date
26 Attorney for Defendant CESAR GOMEZ

27

28 ///

                              13

1    CERTIFICATION OF DEFENDANT

2         I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charge and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19   _CESAR Gomez_____          04/26/2024

20   CESAR GOMEZ                           _____
     Defendant                            Date

21

22   ///

23   ///

24   ///

25

26

27

28

                                   14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CESAR GOMEZ's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        04/26/2024
JAMES THREATT                           Date
Attorney for Defendant CESAR GOMEZ

15